UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TINA HENRY

VERSUS

DG LOUISIANA, LLC d/b/a
DOLLAR GENERAL

CIVIL ACTION

NO. 25-684

SECTION M (4)

**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant DG Louisiana, LLC ("Dollar General").[1]  Plaintiff Tina Henry responds in opposition,[2] and Dollar General replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Henry cannot show that Dollar General either created or had actual or constructive notice of the alleged condition which she says caused her injury.

## I.    BACKGROUND

This matter concerns a slip-and-fall in a retail store.  Henry filed this case in Louisiana state court, alleging that on March 13, 2024, she slipped and fell in a Dollar General store in Amite, Louisiana.[4]  According to Henry, as she was "walking down an aisle, she slipped and/or tripped and fell on an object on the floor that should not have been there."[5]  She alleges that Dollar General's failure to exercise reasonable care caused the accident.[6]  Henry further alleges that she sustained various elements of damages, such as physical and mental pain and suffering, loss of

---

[1] R. Doc. 22.
[2] R. Doc. 24.
[3] R. Doc. 26.
[4] R. Doc. 1-2 at 1.
[5] *Id.*
[6] *Id.* at 2.

enjoyment of life, disfigurement and disability, medical expenses, lost wages, and loss of earning capacity.[7]  She specified that the value of her claim exceeds $75,000.[8]  Dollar General removed the suit to this Court asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[9]

## II.    PENDING MOTION

Dollar General moves for summary judgment, arguing that Henry has no evidence proving that Dollar General either created the hazard or had actual or constructive notice of the substance said to be the alleged hazard.[10]  Dollar General cites Henry's deposition in which she testified that she did not see anything on the floor, did not know how long any substance had been there, and did not have any evidence to suggest how it came to be on the ground.[11]  It also cites the deposition testimony of Henry's cousin, Felix McKnight, who was outside the store when the accident happened and came in shortly after Henry fell.[12]  McKnight testified that he did not know how the substance came to be on the floor or how long it had been there.[13]  Thus, says Dollar General, Henry cannot meet her burden of proving notice.[14]

In opposition, Henry argues that there are genuine issues of material fact that preclude summary judgment.[15]  She contends that, under Louisiana law, a plaintiff in a slip-and-fall case may meet her burden of proof on constructive notice with circumstantial evidence and reasonable inferences.[16]  To that end, Henry argues that "the evidence supports a reasonable inference that the substance was present for a sufficient period such that [Dollar General], through the exercise of

---

[7] *Id.*
[8] *Id*. at 3.
[9] R. Doc. 1 at 1-4.
[10] R. Doc. 22.
[11] R. Doc. 22-1 at 2 (citing R. Doc. 22-4).
[12] *Id.* (citing R. Doc. 22-5).
[13] *Id.*
[14] *Id.* at 7-8.
[15] R. Doc. 24-1.
[16] *Id.* at 4-7.

reasonable care, should have discovered and remedied it."[17]  She further states that, "to the extent the hazardous condition resulted from [Dollar General]'s own operations or employee conduct, the requirement of notice is obviated entirely."[18]  Moreover, Henry contends that Dollar General's discovery responses create a genuine issue of material fact because Dollar General admitted that it does not create or maintain inspection logs, does not have any surveillance footage of the incident, and cannot identify when the area was last inspected.[19]

Dollar General replies, arguing that Henry, not Dollar General, has the burden of proof and she has not met it because she has not cited any circumstantial evidence demonstrating that Dollar General had actual or constructive notice of the alleged hazard.[20]  Dollar General also argues that the lack of maintenance and inspection logs goes not constructive notice, but to reasonable care, which it says is not at issue because Henry has not proved notice.[21]  It further contends that the lack of maintenance logs is not relevant to the amount of time the substance was allegedly on the floor.[22]

## III.   LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

---

[17] *Id.* at 6.
[18] *Id.*
[19] *Id.* at 7-9.
[20] R. Doc. 26 at 1-2.
[21] *Id.* at 2-3.
[22] *Id.*

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.  *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact.  *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material.  *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence.  *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual

controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

## B. Premises Liability

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* To prove a negligence claim against a merchant in a slip-and-fall case, the plaintiff must prove all of the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

5

La. R.S. 9:2800.6(B). "Constructive notice," for the purposes of the statute:

> means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

"Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017). The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

The issue before the Court on Dollar General's summary-judgment motion is whether it had actual or constructive notice of the alleged hazardous condition. Henry does not offer any evidence showing that Dollar General created the hazard or had actual notice of it. She relies instead on constructive notice. With respect to constructive notice, a plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The Louisiana supreme court has stated that a plaintiff asserting a premises liability claim against a merchant must make a positive showing that the hazardous condition existed for some time prior to the accident. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Oliver v. Belle of Orleans, LLC*, 341 So. 3d 774, 778 (La. App. 2022).

6

In this case, Henry has not presented any evidence positively establishing how long the hazard was present in the aisle, much less that it was there for such a length of time as would reasonably require a Dollar General employee to have discovered it.  There is no evidence concerning who created the condition or how it came to be.  In her deposition, Henry testified that she did not see anything on the floor, did not know how it got there, and did not know how long it was there.[23]  Her eyewitness, McKnight, testified that the substance "looked like fruit cocktail or something like that," but he had no information regarding how long it had been on the floor or how it got there.[24]  "Once Dollar General pointed out the absence of factual support related to La. R.S. 9:2800.6(B)(2), [Henry] had the burden of producing evidence to create a genuine issue of material fact.  For [her] to carry the burden of proving the constructive notice or temporal element, she had to present positive evidence of the existence of the condition prior to the accident." *LeBlanc v. DG La., LLC*, 2026 WL 517384, at *8, --- So.3d --- (La. App. Feb. 25, 2026).  Henry points to no evidence to satisfy the temporal element of constructive notice.  Instead, she attempts to create a genuine issue of material fact by saying that Dollar General does not have any evidence regarding how long the substance was on the floor because it does not create or maintain inspection logs, does not have any surveillance footage of the incident, and cannot identify when the area was last inspected.  Henry's argument is misplaced.  First, it is she, not Dollar General, who must prove the temporal element.  *See id.*  Second, the alleged lack of inspections may be relevant to the issue of reasonable care, but that issue is not before the Court because Henry "must first establish that Dollar General either created the hazardous condition or had actual or constructive notice of the hazardous condition that caused [her] slip and fall." *Paredes v. Dolgencorp LLC*, 2021 WL 850375, at *4 (W.D. La. Mar. 5, 2021) (finding that lack of inspection is irrelevant to the temporal

---

[23] R. Doc. 22-4 at 14.
[24] R. Doc. 22-5 at 5.

element of a merchant premises liability claim); *see also Boles v. Wal-Mart Stores, Inc.*, 2016 WL 3448609, at *6-7 (M.D. La. June 17, 2016) (holding that constructive notice was not established by store's failure to document its periodic safety inspections or the lack of any record of inspections of the area prior to the accident).  Henry has failed to meet this burden, and her claim must be dismissed.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dollar General's motion for summary judgment (R. Doc. 22) is GRANTED, and Henry's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 30th day of April, 2026.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE